**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GW GRUNDBESITZ AG,

Plaintiff-Appellee,

v.

A. INVESTMENTS, LLC; LEZLIE GUNN,

Defendants-Appellants.

No.    21-16419

D.C. No.
2:20-cv-00572-JAD-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 24, 2022
Pasadena, California

Before:  KLEINFELD, MILLER, and COLLINS, Circuit Judges.

Hans-Peter Wild agreed to pay Lezlie Gunn roughly $2.8 million for several parcels of land located in Germany and owned by Gunn's limited liability company, A. Investments. Wild's company, HP Wild Holding AG, wired the $2.8 million purchase money to A. Investments, but Gunn refused to authorize the land transfer. Nevertheless, she kept the money to satisfy debts that she said Wild owed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

her under a settlement agreement. HP Wild Holding assigned its legal rights from the property transaction to GW Grundbesitz AG, which then sued A. Investments and Gunn in her capacity as its trustee (collectively, "A. Investments") for unjust enrichment. A German court ordered A. Investments to return the money, and an appellate court affirmed.

Grundbesitz sought recognition of the German judgment under Nevada's codification of the Uniform Foreign-Country Money Judgments Recognition Act ("UFCMJRA"), and the district court entered summary judgment in Grundbesitz's favor. Nev. Rev. Stat. §§ 17.700 to 17.820. A. Investments now appeals. The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm. *See Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1002 (9th Cir. 2013).

1.      A. Investments has not met its burden to show that a mandatory or permissive exception to recognition exists. Under the Act, a court must refuse to recognize a judgment if "[t]he foreign court did not have jurisdiction over the subject matter." Nev. Rev. Stat. § 17.750(2)(c). A. Investments argues that Gunn's settlement agreement with Wild contains a forum-selection clause that deprived German courts of jurisdiction. Specifically, the clause provides that "[t]his Agreement shall be enforced in accordance with the laws of the State of Nevada, in the United States of America." Even assuming that the provision governs here, it

specifies only a choice of law. The phrase "in the United States of America" is simply a specification of what the reference to "the State of Nevada" means; it does not designate a particular forum. *Cf. Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013). For similar reasons, the German proceeding was not "contrary to an agreement between the parties" to resolve disputes in a specific forum. *See* Nev. Rev. Stat. § 17.750(3)(e).

In addition, A. Investments did not establish that Grundbesitz obtained the German judgment through extrinsic fraud. Nev. Rev. Stat. § 17.750(3)(b); *see also* UFCMJRA § 4, cmt. 7. A. Investments contends that HP Wild Holding assigned its rights to Grundbesitz in a "sham" transaction that A. Investments could not contest because it did not know of the assignment until "much later." But the record reflects that A. Investments disputed the validity of the assignment in the German court. To the extent that A. Investments asserts that it was unable to prove fraud because Germany does not generally allow pretrial discovery, that is an objection to the German system of civil procedure, not to the actions of Grundbesitz.

2.      Even assuming that A. Investments's additional defenses of setoff and contractual indemnity may be asserted in an action for recognition of a foreign judgment, they fail on the merits. A. Investments and Grundbesitz are not "mutually indebted parties," so the doctrine of setoff does not apply. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 110 P.3d 59, 64 (Nev. 2005). The settlement

agreement references the obligations of Wild's "estate," but that does not raise a question of fact as to whether Grundbesitz owes a debt to A. Investments. "Estate" in the agreement refers to the property Wild will leave behind when he dies; because he is still alive, he has no estate, and Grundbesitz cannot be a part of it.

A. Investments does not have the right to enforce the indemnity provision as a third-party beneficiary because the provision does not "create a direct obligation in [its] favor." *See Clark Cnty. v. Bonanza No. 1*, 615 P.2d 939, 943 (Nev. 1980). Indemnification agreements must be construed strictly, *see George L. Brown Ins. v. Star Ins. Co.*, 237 P.3d 92, 97 (Nev. 2010), and we reject A. Investments's invitation to read the provision more broadly.

**AFFIRMED.**